1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,

Case No.  20-cr-3515-GPC

11

            Plaintiff,

**FIRST AMENDED ORDER OF CRIMINAL FORFEITURE**

12

   v.

**[ECF No. 141]**

13

JOSE YEE PEREZ (4),

14

            Defendant.

15

16        Based upon the Government's Motion for a First Amended Order of Criminal

17  Forfeiture and good cause appearing;

18        IT IS HEREBY ORDERED that the Motion is granted as set forth below.

19        1.     On April 6, 2022, this Court entered its Preliminary Order of

20  Criminal Forfeiture, which condemned and forfeited to the United States all right,

21  title and interest of JOSE YEE PEREZ ("Defendant") pursuant to 21 U.S.C. §§

22  853(a)(1) and 853(a)(2), and 18 U.S.C. § 982(a)(1):

23              (1)    The real property located at 8529 Avenida Costa Sur, San Diego,
                       CA 92154, more particularly described as:
                                 ASSESSOR'S PARCEL NO. **646-210-41-02**

24
25  THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY
    OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS

26  FOLLOWS:
                 A CONDOMINIUM(S) COMPRISED OF:

27  PARCEL 1:

28  AN UNDIVIDED TWENTY FIVE PERCENT (25%) INTEREST AS TO UNIT
    8529 IN AND TO PARCEL 1 OF PARCEL MAP NO. 20467, IN THE CITY OF
    SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, FILED IN

THE SAN DIEGO RECORDER'S OFFICE ON APRIL 11. 2008 AS INSTRUMENT NO. 2008-0192675 OF OFFICIAL RECORDS.

EXCEPTING THEREFROM:

ALL UNITS AS SHOWN ON THE CONDOMINIUM PLAN FOR SIEMPRE VIVA III INDUSTRIAL CONDOMINIUMS RECORDED JUNE 23, 2008, AS INSTRUMENT NO. 2008-0336392 OF OFFICIAL RECORDS.

PARCEL 2:

UNIT 8529 AS SHOWN ON THE CONDOMINIUM PLAN.

PARCEL 3:

NON-EXCLUSIVE EASEMENTS FOR PEDESTRIAN AND VEHICULAR INGRESS, EGRESS, PARKING, SUPPORT AND UTILITY PURPOSES THROUGH THE COMMON AREA AS SET FORTH IN THE "DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR SIEMPRE VIVA 11r RECORDED JUNE 23. 2008 AS INSTRUMENT NO. 2008-0336393 OF OFFICIAL RECORDS.

      (2)    The real property in the City of San Diego, County of San Diego, State of California, known as Harvest Road Land Parcel, legally described as:

ASSESSOR'S PARCEL NO. **646-141-08**

PARCEL 2 OF PARCEL MAP NO. 14045, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF RECORDED IN THE SAN DIEGO COUNTY RECORDER'S OFFICE NOVEMBER 26, 1985.

      (3)    The real property located at 8580 Avenida De La Fuente Suite F, San Diego, CA 92154, more particularly described as:

ASSESSOR'S PARCEL NO. **646-150-44-06**

A CONDOMINIUM CONSISTING OF:

PARCEL 1:

A) A SEPARATE INTEREST IN: UNIT U-6 SHOWN ON THAT CERTAIN "SOUTH OTAY MESA BUSINESS PARK II CONDOMINIUM PLAN" (THE PLAN), RECORDED ON MAY 13, 2004, AS INSTRUMENT NO. 04-434961, IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, CALIFORNIA; AND

B) AN UNDIVIDED ONE-TWELFTH (12TH) FRACTIONAL INTEREST IN AND TO THE COMMON AREA LOCATED WITHIN THE REAL PROPERTY DESCRIBED HEREIN BELOW, AS DEFINED AND IDENTIFIED IN THE PLAN AND AS DEFINED IN THAT CERTAIN DECLARATION OF COVENANTS CONDITIONS AND RESTRICTIONS RECORDED MAY 13, 2004, AS INSTRUMENT NO. 04-434962 OF OFFICIAL RECORDS (DECLARATION).

SAID UNIT AND FRACTIONAL INTEREST ARE LOCATED WITHIN THE BOUNDARIES OF THAT CERTAIN REAL PROPERTY DESCRIBED AS:

LOT 24 OF DE LA FUENTE BUSINESS PARK, UNIT NO. 2, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 11621, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, SEPTEMBER 17,1986.

PARCEL 2:

EXCLUSIVE USE AREAS THE EXCLUSIVE RIGHT TO THE USE, POSSESSION AND OCCUPANCY OF THOSE PORTIONS OF THE ASSOCIATION PROPERTY DEFINED IN THE DECLARATION AND IN THE PLAN AS "EXCLUSIVE USE AREA" WHICH ARE APPURTENANT TO PARCEL 1 ABOVE, IN ACCORDANCE WITH THE DECLARATION AND THE PLAN.
PARCEL 3:
RESTRICTED USE AREAS
A RESTRICTED RIGHT TO THE USE OF THOSE PORTIONS OF THE ASSOCIATION PROPERTY DEFINED IN THE DECLARATION AND IN THE PLAN AS "RESTRICTED USE AREA," WHICH SHALL BE APPURTENANT TO PARCEL 1 DESCRIBED ABOVE. PARCEL 4: NON-EXCLUSIVE EASEMENTS-ASSOCIATION PROPERTY NONEXCLUSIVE EASEMENTS ON, IN OVER AND THROUGH THE ASSOCIATION PROPERTY AS DEFINED IN THE DECLARATION AND DEFINED AND IDENTIFIED IN THE PLAN, EXCEPTING THEREFROM ALL UNITS AND THE APPURTENANT EXCLUSIVE USE AREAS, FOR PURPOSES OF (A) INGRESS, EGRESS, ACCESS THROUGH, ON AND OVER THE VEHICULAR AND PEDESTRIAN ACCESS AREA THEREIN, (B) ACCESS TO AND USE OF (INCLUDING THE RIGHT TO INSTALL, MAINTAIN, REPAIR OR REPLACE) ANY UTILITY OR RELATED LINES AND EQUIPMENT IN ORDER TO PROVIDE UTILITY OR RELATED SERVICES TO PARCELS 1, 2, AND 3 ABOVE; SUBJECT TO HOWEVER ANY RESTRICTIONS LIMITATIONS AND CONDITIONS DESCRIBED IN THE DECLARATION, AND FURTHER EXCEPTING ANY PORTIONS OF THE ASSOCIATION PROPERTY OVER WHICH THE GRANTOR HEREIN, AS DECLARANT, MAY HAVE AN EASEMENT OR OTHER SIMILAR RESTRICTION, AS MAY BE PROVIDED IN THE DECLARATION;

2.    For thirty (30) consecutive days ending on May 07, 2022, the United States published on its forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the currency in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the specific properties.

3.    On April 11, 2022, Notice of Order of Forfeiture was sent by Federal Express mail as follows:

Name and Address                    Tracking No.          Result

1

2

3

1. Jose Alberto Valenzuela-Valenzuela 776551646316          Delivered 4/13/22
c/o Nicholas DePento, Esq.
Law Offices of Nicholas DePento
501 West Broadway, Suite A-410
San Diego, CA 92101

4

5

6

2. Jesus Burgos Arias (2)              776551685210          Delivered 4/13/22
c/o Patrick Q. Hall, Esq.
Law Offices of Patrick Q. Hall
501 West Broadway, Suite 730
San Diego, CA 92101

7

8

9

3. Zaira Vanessa NAJAR Sanchez         776551748013          Delivered 4/18/2022
Cerro De La Campana 169
Fracc Chula Vista Etapa 6
Tlajomulco De Zuniga, Jalisco
Mexico 45655

10

11

12

13

4. Francisco A. HERNANDEZ             776551863325          Delivered 4/18/22
Santiago aka Francisco Alejandro
HERNANDEZ Santiago and
Elizabeth DOMINGUEZ Higuera
San Fernando 12
Col San Pablo
Tlajomulco, Jalisco
Mexico 45650

14

15

16

17

5. Luz Elba DIAZ Ascencio            776552007422          Delivered 4/18/22
aka Luz Elba DIAZ De Alatorre
Calle Clavel 582
Colonia Mision Del Campanario
Tonala, Jalisco
Mexico 45400

18

19

20

21

6. Victor HERMOSILLO aka             776551767394          Delivered 4/18/22
Victor Manuel Guadalupe
SANCHEZ Hermosillo
Cerro De La Campana 169
Fracc Chula Vista Etapa 6
Tlajomulco De Zuniga, Jalisco,
Mexico 45655

22

23

7. LAW OFFICE OF ANDREW              770499519070          Delivered 11/16/22
K. NIETOR c/o Andrew K. Nietor
750 B. St.
San Diego, CA 92101

24

25

26

27

8. CLAUDIA PATRICIA                  77049980117           Sent 11/17/2022
ALVAREZ HERNANDEZ
Santa Ana Jail M-88
Inmate # 2200002391
P.O. Box 22003
Santa Ana, CA 92702

28

4.      On April 12, 2022, Notice of Order of Forfeiture was sent by Mary I. Apgar by certified mail as follows:

> Jose Yee Perez (4)
> c/o Brian D. Kennedy, Esq.
> Law Offices of Brian Kennedy
> P.O. Box 1477
> Solana Beach, CA 92075

5.      The 8534 Owners Association has declared an interest as a third party with a valid lien on the real property located at 8529 Avenida Costa Sur, San Diego, CA 92154, which interest is recognized by the United States.

6.      Subsequent to the entry of the Preliminary Order of Forfeiture Homeland Security Investigations ("HSI")/Customs and Border Protection ("CBP") identified additional assets seized from Defendant which are also subject to forfeiture pursuant to Defendant's Plea Agreement and Forfeiture Addendum, wherein Defendant agreed to "forfeit to the United States all property seized in connection with this case…."  The United States seeks to amend the forfeiture to include the additional properties:

> (4)      Body Armor Carriers;
>
> (5)      $ 3,086,904.00 in U.S. Currency;
>
> (6)       $4,387.00 in U.S. Currency; and
>
> (7)       $212.55 in U.S. Currency; and

7.      Therefore, the Court is requested to enter a First Amended Order of Forfeiture, completing the forfeiture in favor of the United States as to the real property described in the Preliminary Order of Forfeiture, subject to the valid lien asserted by third party 8534 Owners Association, and also entering an order forfeiting Defendant's interest in the additional properties described above in paragraph 6.

8.      By virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the additional assets and the offenses.

9.    By virtue of Defendant's guilty plea, the United States is now entitled to possession of the additional properties, pursuant to 21 U.S.C. § 853(a)(1) and 853(a)(2), 18 U.S.C. § 982(a)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure and has requested the authority to take custody of the additional assets which are hereby found forfeitable by the Court.

10.    The United States has submitted the text of this Motion and Order to the Defendant through his attorney of record, to review, and no objections have been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following additional properties, and all right, title, and interest of JOSE YEE PEREZ and any and all third parties in the following properties are hereby condemned, forfeited, and vested in the United States of America pursuant to 21 U.S.C. § 853(a)(1) and 853(a)(2) and 18 U.S.C. § 982(a)(1), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(4)    Body Armor Carriers;

(5)    $ 3,086,904.00 in U.S. Currency;

(6)    $4,387.00 in U.S. Currency; and

(7)    $212.55 in U.S. Currency.

2.    As a result of the failure of any third party—other than the 8534 Owners Association which has asserted a valid lien to the real property located at 8529 Avenida Costa Sur, San Diego, CA 92154 —to come forward or file a petition for relief from forfeiture as provide by law, all right, title, and interest of Defendant JOSE YEE PEREZ, and any and all third parties other than the valid lien interest of the 8534 Owners Association, in the real property located at 8529 Avenida Costa Sur, San Diego, CA 92154, legally described above, is hereby condemned, forfeited, and title is vested in the United States of America.

3.      That this Court further order that as a result of the failure of any third party—other than the 8534 Owners Association which has asserted a recognized valid lien interest in the real property at 8529 Avenida Costa Sur, San Diego, CA 92154—to come forward or file a petition for relief from forfeiture as provide by law, all right, title, and interest of Defendant JOSE YEE PEREZ, and any and all third parties, other than 8534 Owners Association, in the real property located at 8529 Avenida Costa Sur, San Diego, CA 92154 be ordered condemned, forfeited, and vested in the United States of America, with all directly noticed persons' and entities' interests specifically forfeited and extinguished: Jose Alberto Valenzuela-Valenzuela, Jesus Burgos Arias, Zaira Vanessa NAJAR Sanchez, Francisco A. HERNANDEZ, Luz Elba DIAZ Ascencio, Victor HERMOSILLO, Andrew K. Nietor, Claudia Patricia ALVAREZ Hernandez, and Jose Yee Perez.

4.      The above-referenced additional forfeited properties are to be held by Homeland Security Investigations ("HSI") / Customs and Border Protection ("CBP") in its secure custody and control.

5.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties as to the additional forfeited properties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter a second amended order without further notice to the parties.

6.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of

the United States' intent to dispose of the additional forfeited properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the additional forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the additional forfeited properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

8.      The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the additional assets that are the subject of the First Amended Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

9.      Upon adjudication of all third-party interests, this Court will enter a Second Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to all of the above assets, including those in the Preliminary Order and in this First Amended Order, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4), this First Amended Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

Dated:  February 2, 2023

Hon. Gonzalo P. Curiel
United States District Judge